# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

REBECCA K. WILSON, *et al.*,

          Plaintiffs,

-vs-

5 CHOICES, LLC, *et al.*,

          Defendants.

Case No. 2:16-cv-10659-RHC-MKM
Hon. Robert H. Cleland

_____/

| | |
|---|---|
| ROBERT W. RODDIS (P32145) | HOWARD & HOWARD ATTORNEYS |
| Attorney for Plaintiff | By:   Robert E. Graziani (P25547) |
| 424 Madison Street |        Michael J. Sheehan (P58585) |
| Grosse Pointe Farms, MI 48236 | Attorneys for Defendants |
| (313) 319-5045 | 450 West Fourth Street |
| bobroddis@gmail.com | Royal Oak, MI 48067-2557 |
| | (248) 723-0376 |
| | reg@h2law.com |
| | mjs@h2law.com |

_____/

**AMENDED DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS AND TO
COMPEL ARBITRATION, AND SUPPORTING MEMORANDUM OF LAW**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................II

QUESTIONS PRESENTED................................................................................ V

I.      INTRODUCTION .................................................................................... 1

II.     FACTS ...................................................................................................... 2

III.    STANDARD OF REVIEW ....................................................................... 3

        A.      Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim ...................................3

        B.      Binding Mandatory Arbitration.................................................................................4

IV.     ARGUMENT ............................................................................................ 8

        A.      The Parties Agreed to Mandatory Arbitration for all Disputes....................................8

        B.      Sixth Circuit's Standard for Showing Fraud in the Inducement to Void an Arbitration Provision ...........................................................................................10

        C.      Sixth Circuit Only Allows Fraud In The Inducement Claims That Specifically Attack An Arbitration Provision; Otherwise, Courts Compel Arbitration...............12

V.      CONCLUSION ...................................................................................... 15

i

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009)........................................................................3, 4

*AT&T Mobility v. Concepción*,
131 S. Ct. 1740 (2011) ...............................................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................3

*Buckeye Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006) ...........................................................................................5, 6, 11

*Burden v. Check into Cash of Kentucky, LLC*,
267 F.3d 483 (6th Cir. 2001).................................................................................9, 11

*C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
912 F.2d 1563 (6th Cir. 1990)....................................................................................10

*CSA-Credit Solutions of Am., Inc. v. Schafer*,
408 F. Supp. 2d 503 (W.D. Mich. 2006) ....................................................................8

*Danley, et al. v. Encore Capital Group, Inc., et al.*,
Case No. 15-cv-11535 at Dkt. 27 (E.D. Mich. 2015)..................................................5

*Edwin Southerland v. Corp. Transit of Am.*,
No. 13-14462, 2014 WL 4906891 (E.D. Mich. Sept. 30, 2014) ................................10

*Elsheick v. Select Portfolio Servicing, Inc.*,
566 F. Appx. 492 (6th Cir. 2014)..............................................................................11

*Fazio v. Lehman Bros., Inc.*,
340 F.3d 386 (6th Cir. 2003)......................................................................................9

*Fed. R. Civ. P. 9(b)* ......................................................................................................11

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938 (1995) ...................................................................................................4

*Fisher v. Caruso*,
Case Nos. 03-71804, 0611110, Dkt. 138 (E.D. Mich. 2007) .......................................3

*Glazer v. Lehman Bros., Inc.*,
394 F.3d 444 (6th Cir. 2005)......................................................................................10

*Great Earth Cos., Inc. v. Simons*,
  288 F.3d 878 (6th Cir. 2002)........................................................................................10

*Heurtebise v. Reliable Business Computers*,
  452 Mich. 405, 550 N.W.2d 243 (1996).........................................................................6

*Huffman v. Hilltop Cos., LLC*,
  747 F.3d 391 (6th Cir. 2014)...........................................................................................5

*Komraus Plumbing & Heating, Inc. v. Cadillac Sands Motel, Inc.*,
  387 Mich. 285 (1972)......................................................................................................7

*Lakeshire Engineering Services, Inc. v. Target Const., Inc*.,
  2 F.Supp.3d 1038 (E.D. Mich. 2014)..............................................................................4

*Larsen v. Pine Ridge Operator, LLC*,
  No. 14-cv-12101, 2014 WL 6686777 (E.D. Mich. Nov. 26, 2014) ...............................8

*Liska v. Lodge*,
  112 Mich. 635 (1897)......................................................................................................7

*Marlo Beauty Supply, Inc. v. Farmers Ins. Group of Cos*.,
  227 Mich. App. 309 (1998)............................................................................................7

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
  115 S. Ct. 1212 (1995) ...................................................................................................5

*Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Kean-Argovitz Resorts*,
  383 F.3d 512 (6th Cir. 2004).....................................................................................10, 11

*Montgomery v. Fidelity & Guar. Life Ins. Co*.,
  269 Mich. App. 126 (2005)..............................................................................................7

*Moran, II v. Svete*,
  366 F. App'x 624 (6th Cir. 2010) ....................................................................................9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  103 S.Ct. 927 (1983) .......................................................................................................5

*Narula v. Delbert Servs. Corp.*,
  No. 13-15065, 2014 WL 3752797 (E.D. Mich. July 30, 2014)......................................10

*Preston v. Ferrer*,
  552 U.S. 346 (2008) ........................................................................................................6

*Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*,
  388 U.S. 395 (1967) ..................................................................................................6, 11

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974) ...........................................................................................4

*Smith v. Chrysler Financial Corp.*,
   101 F. Supp. 2d 534 (E.D. Mich. 2000) ..........................................................6

*Snyder v. Wolverine Mut. Motor Ins. Co.*,
   231 Mich. 692 (1925) ........................................................................................7

*Stout v. J.D. Byrider*,
   228 F.3d 709 (6th Cir. 2000) .............................................................................6

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
   501 F.3d 493 (6th Cir. 2007) ...........................................................................11

*White v. Inter'l Marine & Auto Invests., Inc.*,
   No. 08-CV-11031, 2008 WL 4642847 (E.D. Mich. Oct. 20, 2008) ...............10

**Statutes**

9 U.S.C. § 2 .............................................................................................................4

9 U.S.C. § 3 .............................................................................................................5

**Court Rules**

E.D. Mich. LR 7.1(d) ..............................................................................................1

Fed. R. Civ. P. 12(b)(6) ....................................................................................1, 3, 4

## <u>QUESTIONS PRESENTED</u>

1.      Whether the claims asserted by the Amended Plaintiffs Pascal Vohradnik, Simone
        Vohradnik, Joanne Beldotti, and Romona Lorraine Solano-Owen against Amended
        Defendants Yancey Events, LLC, Yancey, LLC and Insider's Financial, LLC in this
        matter should be dismissed or stayed by reason of the fact that these parties agreed in
        writing to arbitrate such claims?

        Defendants answer "Yes."

2.      Whether the Court should issue an Order compelling Amended Plaintiffs Pascal
        Vohradnik, Simone Vohradnik, Joanne Beldotti, and Romona Lorraine Solano-
        Owen to arbitrate the claims they assert against Amended Defendants Yancey
        Events, LLC, Yancey, LLC and Insider's Financial, LLC?

        Defendants answer "Yes."

**AMENDED DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS AND TO COMPEL ARBITRATION, AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, and E.D. Mich. LR 7.1(d), Amended Defendants Yancey, LLC, Yancey Events, LLC, and Insider's Financial, LLC (collectively, the "**Amended Defendants**") respectfully move this Court to dismiss Plaintiffs' Amended Complaint with respect to them, because of a pre-existing mandatory arbitration clause, for failure to state a claim upon which relief can be granted, and to compel arbitration pursuant to the agreements between the Parties.

This Motion is supported by the following Memorandum of Points and Authorities.

## I.   INTRODUCTION

For purposes of this Motion, the new Plaintiffs Pascal Vohradnik, Simone Vohradnik, Joanne Beldotti, and Roman Lorraine Solano-Owen shall be referred to as the "**Amended Plaintiffs**."  The Amended Plaintiffs have made allegations against the Amended Defendants – similar to the claims previously asserted by Plaintiffs Kenneth and Robert Wong.  Namely, the Amended Plaintiffs assert that they entered into written agreements with the Amended Defendants, for real estate education and training.  Dkt. No. 9 at ¶ 508 (Beldotti entered a written agreement with Yancey, LLC) ¶ 544 (Owen entered a written agreement with Yancey Events, LLC); and ¶ 569 (Vohradnik's entered a written agreement with Insider's Financial, LLC).  But the

1

claims of the Amended Plaintiffs against the Amended Defendants have no place in federal court because they have agreed in writing to binding mandatory arbitration with the American Arbitration Association.  The contract the parties entered into with each other contains a mandatory arbitration clause that requires arbitration of this dispute. The Amended Plaintiffs have not alleged breach of contract or fraudulent inducement of the arbitration clause, and so the arbitration clause is valid and enforceable.  In fact, it is unclear as to what causes of action are asserted against the Amended Defendants by the Amended Plaintiffs.  To that end, the Amended Defendants file this motion and request a dismissal of this action, and an Order compelling mandatory and binding arbitration between these parties.   Also, this Court should award the Amended Defendants its attorneys' fees and costs for having to bring this motion.

## II.   <u>FACTS</u>

1.     True and correct copies of the Amended Plaintiffs' Purchase Orders for are attached here as <u>Exhibit A</u>.

2.      Immediately above the signature of each of the Amended Defendants on the relevant Purchase Orders is the following statement, "<u>By signing below . . . I acknowledge</u> that I have received the materials referenced above (or will be receiving the materials at a later date, as otherwise noted above) and that <u>I have read and agree to the Return Policy and Terms and Conditions set forth on the reverse side of this Purchase Order</u>."  <u>Ex. A</u> (emphasis added);

3.     On the reverse side of the Amended Defendants Purchase Order is the following language,

> **Dispute Resolution Policy**: By executing this Purchase Order, the Customer and the Company hereby <u>agree that any and all disputes that arise between them concerning the Purchase Order or any terms thereof, or that concern any aspect of the relationship between the Customer and the Company, shall be decided exclusively in binding arbitration conducted by the American Arbitration Association</u> ("AAA"). Customer and Company further agree that each party will bear its own costs and attorneys' fees incurred in connection with the AAA arbitration proceeding.

<u>Ex. A</u> (emphasis added); *see also* Amend. Compl. at ¶ 88 ("such contractual agreements provides that all disputes must be resolved in binding arbitration with the American Arbitration Association.").

## III.     <u>STANDARD OF REVIEW</u>

### A.     <u>*Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim*</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

1949.  Plausibility will not be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "naked assertions devoid of further factual enhancement.'"  *Id.* (*quoting Twombly*, 550 U.S. at 557).   Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss.  *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951; *see also, Fisher v. Caruso*, Case Nos. 03-71804, 0611110, Dkt. 138 (E.D. Mich. 2007) (plausible allegations of sufficient facts are required "to raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]").

In considering a Rule 12(b)(6) motion to dismiss, all well-pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But, as it is only <u>facts</u> that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of the truth."  *Iqbal*, 129 S. Ct. at 1950. It is only then that the court can view the well-pleaded <u>facts</u>, "assume their veracity and [] determine whether they plausibly give rise to an entitlement to relief."  *Id.*

### B.   ***Binding Mandatory Arbitration***

"[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes – but only those disputes – that the parties have agreed to submit to arbitration."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995);

*see also, Lakeshire Engineering Services, Inc. v. Target Const., Inc.* 2 F.Supp.3d 1038, 1048 (E.D. Mich. 2014) (same).

The Federal Arbitration Act (the "**FAA**") governs arbitration agreements in contracts involving commerce.  Under section 2 of the FAA:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  Under section 3 of the FAA:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under and agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  The FAA governs arbitration agreements in contracts involving commerce.  The FAA represents a "congressional declaration of a liberal policy favoring arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 103 S. Ct. 927, 941 (1983); *see also, Buckeye Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (*citing* 9 U.S.C. §§ 1 – 16)), with its central purpose being to ensure "that private agreements to arbitration are enforced according to their terms." *Mastrobuono v.*

*Shearson Lehman Hutton, Inc.,* 115 S. Ct. 1212, 1214 (1995) (*quoting Volt Info.*

*Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ*., 109 S. Ct. 1248,

1256 (1989)).

The Eastern District of Michigan recently discussed the tried-and-true legal

precedent that the "FAA represents a 'liberal federal policy favoring arbitration' and

the 'fundamental principle that arbitration is a matter of contract.'" *Danley, et al. v.*

*Encore Capital Group, Inc., et al*., Case No. 15-cv-11535 at Dkt. 27 (E.D. Mich. 2015)

(*citing AT&T Mobility LLC v. Concepción*, 131 S.Ct. 1740, 1745 (2011)).[1]  Judge

Steeh went on to reason that "when a contract contains an arbitration clause, there is a

presumption in favor of arbitrability." *Id.* (*citing Huffman v. Hilltop Cos., LLC,* 747

F.3d 391, 394 (6th Cir. 2014).

Courts in the Sixth Circuit examine "arbitration language in a contract in light

of the strong federal policy in favor of arbitration, resolving any doubts as to the parties'

intentions in favor of arbitration." *Huffman,* 747 F.3d at 395  (*quoting Nestle Waters*

*N. Am., Inc. v. Bollman*, 505 F.3d 498, 501-02 (6th Cir. 2007); *see also, Stout v. J.D.*

---

[1] The U.S. Supreme Court held that the FAA makes agreements to arbitrate valid and enforceable – even if the agreement limits participation in class-wide proceedings. *See AT&T Mobility v. Concepción*, 131 S. Ct. 1740 (2011).  The *Concepción* court further held that "when state law prohibits outright the arbitration of a particular type of claim, the FAA displaces the conflicting rule." *Id.* at 1742.  Since the 2011 High Court ruling in *Concepción*, and its subsequent progeny, 313 federal and state courts have favorably cited to the *Concepción* decision as binding precedent in mandatory arbitration. Indeed, the 6th Circuit has favorably cited the *Concepción* ruling <u>38 times</u>.

*Byrider*, 228 F.3d 709, 715 (6th Cir. 2000) ("It is settled authority that doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration."). "Likewise, any ambiguities in the contract . . . should be resolved in favor of arbitration." *Id.* "Moreover, '[i]n the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'" *Id.* (*quoting Nestle*, 505 F.3d at 503; *see also AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (same).

Under Michigan law, an arbitration provision is enforceable if it is part of "a binding contract." *Smith v. Chrysler Financial Corp.,* 101 F. Supp. 2d 534, 538 (E.D. Mich. 2000); *see also, Heurtebise v. Reliable Business Computers*, 452 Mich. 405, 413, 550 N.W.2d 243 (1996).

Finally, the U.S. Supreme Court held that an arbitration provision in an agreement is not void based on a party's claim that it was fraudulently induced to enter into the overall agreement. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395 (1967). In other words, only "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the making of the agreement to arbitrate—the federal court may proceed to adjudicate it." *Buckeye Check Cashing, Inc. v. Cardenga*, 546 U.S. 440, 445 (2006) (*quoting Prima Paint*, 388 U.S. at 403-04. *See also, Preston v. Ferrer*, 552 U.S. 346, 353 (2008) (reaffirming *Prama Paint*'s

holding) (emphasis added).   Otherwise, federal courts must defer in favor of arbitration, and the arbitrator has the power to adjudicate any fraudulent inducement claims.

## IV.   **<u>ARGUMENT</u>**

### A.   ***<u>The Parties Agreed to Mandatory Arbitration for all Disputes</u>***

The dispute between the Amended Plaintiffs and the Amended Defendants is not properly before this court.  The parties, per a signed writing, have previously agreed to binding mandatory arbitration for "any and all disputes that arise between them." <u>Ex. A</u> at Purchase Order; *see also* Amend. Compl. at ¶ 88 ("all disputes must be resolved in binding arbitration with the American Arbitration Association.").   The Amended Plaintiffs <u>have not</u> alleged breach of contract against the Amended Defendants – or any Defendant for that matter.  Neither have the Amended Plaintiffs alleged fraud in the inducement to the arbitration provision in the Purchase Order.  As such, analyzing this motion under the Rule 12(b)(6) standard, the Court must take the Amended Plaintiffs allegations as true that there has been no breach of contract, and that "all disputes must be resolved in binding arbitration with the American Arbitration Association."  Amend. Compl. at ¶ 88.

The crux of the Amended Plaintiffs' lawsuit is that they do not like the terms, conditions, and obligations of the Purchase Orders they entered with the Amended Defendants – years after the fact – which allegations they make only generally.  *See,*

*e.g.,* Amend Compl. at ¶ 73 ("Defendants induced Plaintiffs and the other victims to execute the most one-sided sales contract imaginable"); Amend. Compl. at ¶ 87 (the Amended Defendants "are entitled to rescission and revocation [sic] all of agreements they have made with these Defendants *ab initio.*").  Whether the Amended Defendants actually saw or read the provisions of the Purchase Orders they signed – including the mandatory binding arbitration provision – prior to signing the Purchase Orders does not render the contracts invalid or unconscionable.  It is well-established Michigan law that failure to read an agreement is not a valid defense to enforcement of a contract. *Montgomery v. Fidelity & Guar. Life Ins. Co*., 269 Mich. App. 126 (2005); *Snyder v. Wolverine Mut. Motor Ins. Co.*, 231 Mich. 692, 694 (1925); *Marlo Beauty Supply, Inc. v. Farmers Ins. Group of Cos*., 227 Mich. App. 309, 324 (1998).  A contracting party has a duty to examine a contract and know what the party has signed, and the other contracting party cannot be made to suffer for neglect of that duty.  *Komraus Plumbing & Heating, Inc. v. Cadillac Sands Motel, Inc.*, 387 Mich. 285, 291 (1972), *applying Liska v. Lodge*, 112 Mich. 635, 637-638 (1897).

Here, as previously set forth, directly above the Amended Plaintiffs' signature on the Purchase Orders are the Amended Defendants' acknowledgement that they read the "Terms and Conditions set forth on the reverse side of this Purchase Order." Ex. A.  Those "Terms and Conditions" contain the binding mandatory arbitration agreement between the Parties. *Id.*  The existence of that acknowledgment defeats any

9

argument by the Amended Defendants of unconscionability or duress in the contract's formation.

**B.**   **_Sixth Circuit's Standard for Showing Fraud in the Inducement to Void an Arbitration Provision_**

Assuming, *arguendo,* that the Amended Defendants had alleged fraud in the inducement of the Purchase Order, which they have not, a party claiming that he was fraudulently induced into agreeing to an arbitration provision must allege fraudulent inducement related to the arbitration provision itself, not to the enforceability of the contract generally.   To succeed on a fraud in the inducement claim requiring a court to set aside an arbitration provision, the "party alleging fraud in the inducement must prove by clear and convincing evidence that she entered into the arbitration agreement, not the overall agreement, based on another party's intentional, false and material misrepresentation." *CSA-Credit Solutions of Am., Inc. v. Schafer*, 408 F. Supp. 2d 503 (W.D. Mich. 2006) (emphasis added) (citing *Bitkowski v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 866 F.2d 821, 823 (6th Cir. 1987)).

Similar to the analysis above, courts in the Sixth Circuit have rejected fraudulent inducement claims where a party alleges that it did not understand the contractual provisions or was not specifically informed about the arbitration clause.   Judge Hood recently considered a fraud in the inducement claim as it relates to an arbitration provision in *Larsen v. Pine Ridge Operator, LLC*, No. 14-cv-12101, 2014 WL 6686777, at *3 (E.D. Mich. Nov. 26, 2014).   In *Larsen*, the party seeking to set aside

the arbitration clause stated that he was not explained what rights he was giving up, "and that the arbitration clause was 'just another page' of the admission forms." *Id.* Judge Hood flatly rejected such an argument, explaining that "[t]he Sixth Circuit has noted that 'one who signs a contract is presumed to know its contents.'" *Id.* (citation omitted). Because there was no dispute that the contract was signed, and the page with the arbitration clause was initialed, Judge Hood rejected the fraud in the inducement claim. *Id.*; *see also Burden v. Check into Cash of Kentucky, LLC,* 267 F.3d 483, 491—92 (6th Cir. 2001) ("The only aspect of Plaintiffs' fraud allegations which concerns the arbitration agreements, standing apart from the loan agreements, is the claim that Plaintiffs were not aware that the arbitration clauses had been added to the reverse side of the loan agreements. . . However, one who signs a contract is presumed to know its contents.").

Here, the Amended Defendants allege that "[t]he fine print on the back of such contractual agreements provides that all disputes must be resolved in binding arbitration with the American Arbitration Association." Amend. Compl. ¶ 88. The Amended Defendants, however, signed the Purchase Orders, and, therefore, are presumed to have known its contents. Moreover, any claim that the arbitration clause was hidden is without merit. The arbitration clause appears on the Terms and Conditions page in normal font. *See* Ex. A.

11

C.     _Sixth Circuit Only Allows Fraud In The Inducement Claims That Specifically Attack An Arbitration Provision; Otherwise, Courts Compel Arbitration_

The Supreme Court's decision in _Prima Paint Corp._ is well-settled and consistently followed in the Sixth Circuit.  _See, e.g._, _Moran, II v. Svete_, 366 F. App'x 624, 631 (6th Cir. 2010) ("We find that the district court erred by refusing to compel arbitration on the grounds that the Consultant Agreement as a whole was the product of fraud."); _Fazio v. Lehman Bros., Inc._, 340 F.3d 386, 395 (6th Cir. 2003) ("In sum, when claims involve 'the validity of the contract as a whole' and not just the arbitration agreement, '[s]uch claims are to be brought before the arbitrator, not the district court in deciding a petition to compel arbitration.'"); _Glazer v. Lehman Bros., Inc._, 394 F.3d 444, 452 (6th Cir. 2005) ("[E]ven if there was fraudulent inducement to sign the contract as a whole, by the terms of Sections 3 and 4 of the FAA, the arbitration clause is severable and will only be voided for some error in its making."); _Great Earth Cos., Inc. v. Simons_, 288 F.3d 878, 890 (6th Cir. 2002) ("Once the district court determines that a valid agreement to arbitrate exists, challenges to other distinct parts of the contract are to be resolved by the arbitrator."); _Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Kean-Argovitz Resorts_, 383 F.3d 512, 518 (6th Cir. 2004) ("Under these circumstances, the Tribe cannot attack the validity of the arbitration clause simply by claiming that the entire agreement is too ephemeral to deserve recognition."); _Edwin Southerland v. Corp. Transit of Am._, No. 13-14462, 2014 WL

4906891, at *6 (E.D. Mich. Sept. 30, 2014) (Levy, J.) ("The Court is not convinced that plaintiffs have sufficiently attacked the arbitration clause beyond stating that it is part of a larger, unenforceable contract.  Under [Supreme Court precedent], this is insufficient to avoid enforcement of the arbitration clause."); *White v. Inter'l Marine & Auto Invests., Inc.*, No. 08-CV-11031, 2008 WL 4642847, at *4 (E.D. Mich. Oct. 20, 2008) (Steeh, J.) ("White does not allege or argue fraudulent inducement with respect to the arbitration clause itself."); *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 912 F.2d 1563, 1567 (6th Cir. 1990) ("If the arbitration clause is not at issue, then the arbitrator will decide challenges to the contract containing the arbitration clause."); *Narula v. Delbert Servs. Corp.*, No. 13-15065, 2014 WL 3752797, at *2 (E.D. Mich. July 30, 2014) (Edmunds, J.) ("Here, there are no allegations in the complaint that Defendant fraudulently induced Plaintiff to agree to an arbitration clause.").

Here, the Amended Plaintiffs do not make any allegations in the Complaint that the Amended Defendants fraudulently induced them to agree to an arbitration clause. If there is a claim for fraud, the Amended Defendants have not plead their fraud claims with particularity.  Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Interpreting this requirement, the Sixth Circuit has held that complaints alleging fraud must specify "the time, place, and content of the

alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 509 (6th Cir. 2007); *see also, Elsheick v. Select Portfolio Servicing, Inc*., 566 F. Appx. 492, 498 (6th Cir. 2014). As explained above, the Amended Plaintiffs signed the Purchase Orders which contained the arbitration clauses, and they are presumed to have read such provisions. Because the Amended Plaintiffs are not challenging the actual arbitration clause itself, any attempt to challenge the contract as a whole based on a fraudulent inducement theory must be argued in arbitration.

In an abundance of caution, the Court should be aware that there are two carved-out exceptions to the general rule, as articulated in *Burden v. Check Into Cash of Kentucky, L.L.C.*, 267 F.3d 483 (6th Cir. 2001). These two exceptions, as explained by Judge Cleland (sitting by designation) in *Kean-Argovitz Resorts*, are: "(1) allegations of a failure to assent to the contract, and (2) challenges to signatory power." 383 F.3d at 519 (Cleland, J., concurring). Neither exception is claimed by the Amended Plaintiffs in this case. Rather, they assert the traditional argument that they were fraudulently induced to enter into the Purchase Order in the first place, not that they did not sign the Purchase Order or did not assent to the arbitration clause in the Purchase Order in the first place. The Supreme Court's decisions in *Prima Paint Corp.* and *Buckeye Check Cashing*, as well as the Sixth Circuit's overwhelming authority,

14

have foreclosed such an argument.  The arbitration clause in the Purchase Order is valid.

## **CONCLUSION**

For the foregoing reasons, the Amended Complaint should be dismissed against the Amended Defendants, this Court should compel arbitration, and this Court should award the Amended Plaintiffs its attorneys' fees and costs for having to bring this motion.

HOWARD & HOWARD ATTORNEYS

By: /s/ *Michael J. Sheehan (P58585)*
Attorneys for Defendants/Counter-Plaintiffs
450 West Fourth Street
Royal Oak, MI  48067-2557
(248) 645-1483
mjs@h2law.com

Dated:  July 12, 2016

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties in the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on July 12, 2016.

By:  ☐ U.S. Mail                    ☐ FAX
     ☐ Hand Delivered          ☐ E-mail
     ☐ Overnight                   ☒ ECF

I declare that the statements above are true to the best of my information, knowledge, and belief.

By: /s/ *Michael J. Sheehan*

15

# EXHIBIT A

4817-1134-4943, v. 1

 **yancey**

Access Code:
RPP-04796-1me0

**CONTINUING EDUCATION©**
**Customer Information**

| Student Info | | | | Partner Info | | |
|---|---|---|---|---|---|---|
| Name: Joanne Beldotti | | | Name: | | | |
| Address: 68 Ohio Ave Ext | | | Address: | | | |
| City: Norwalk | State: T | ZIP: 06851 | City: | | State: | ZIP: |
| Phone: 203-295-9958 | | | Phone: | | | |
| Email: beldotti73 @ gmail.com | | | Email: | | | |

## Package Information    (Select desired program)

| | Price | Payment Information |
|---|---|---|
| **Diamond** | | |
| • **Diamond Tour:** 2 Day Training in Las Vegas Prior to the Buying Summit | Included | Visa   MasterCard   AmEx   Discover   Cash   Check |
| • **Unlimited Boots on the Ground Group Training:** 3 Day Training Where Expert Trainers Fly To Your Area | Included | |
| • **Buying Summit:** 3 Day Asset Buying Retreat | Included | Last 4 Digits of CC _____ |
| • **Live Boot Camps:** Up to 4 Live, 2 Day Trainings | Included | |
| • **On-Demand Training:** "Quick Cash Strategies" Boot Camp | Included | Check Amount _____ |
| • **On-Demand Training:** "Cash Flow Strategies" Boot Camp | Included | |
| • **On-Demand Training:** "Seller Financing Strategies" Boot Camp | Included | Cashier Initials _____Re_____ |
| • **On-Demand Training:** "Residential Rentals Strategies" Boot Camp | Included | |
| • **On-Demand Training:** "Rehabbing Strategies" Boot Camp | Included | *** Make Checks payable to Yancey, LLC.** |
| • **Real Estate Software:** Real Estate Property Pro Access For 1 Year ($29.95 per month after 1 year) | Included | |
| • **Home Study Course:** Real Estate *Investors* System | Included | |
| • **Home Study Course:** Real Estate *Financing* Course | Included | |
| • **Boots Trainer Line:** 6 Months Access | Included | |
| **Workshop Price:** | **$29,997** | HOLD CHECK UNTIL NOV, 7th |
| **Platinum** | | GOING TO CALL |
| • **Boots on the Ground Group Training:** 3 Day Training Where Expert Trainers Fly To Your Area | Included | WITH CREDIT CARDS |
| • **Buying Summit:** 3 Day Asset Buying Retreat | Included | RATHER THEN |
| • **Live Boot Camps:** Up to 2 Live, 2 Day Trainings | Included | CHECK |
| • **On-Demand Training:** "Quick Cash Strategies" Boot Camp | Included | |
| • **On-Demand Training:** "Cash Flow Strategies" Boot Camp | Included | |
| • **On-Demand Training:** "Seller Financing Strategies" Boot Camp | Included | |
| • **On-Demand Training:** "Residential Rentals Strategies" Boot Camp | Included | |
| • **Real Estate Software:** Real Estate Property Pro Access For 1 Year ($29.95 per month after 1 year) | Included | |
| • **Home Study Course:** Real Estate *Investors* System | Included | |
| • **Home Study Course:** Real Estate *Financing* Course | Included | |
| • **Boots Trainer Line:** 6 Months Access | Included | |
| **Workshop Price:** | **$24,997** | |
| **Gold** | | |
| • **Buying Summit:** 3 Day Asset Buying Retreat | Included | |
| • **On-Demand Training:** "Quick Cash Strategies" Boot Camp | Included | |
| • **On-Demand Training:** "Cash Flow Strategies" Boot Camp | Included | |
| • **Real Estate Software:** Real Estate Property Pro Access For 1 Year ($29.95 per month after 1 year) | Included | |
| • **Home Study Course:** Real Estate *Investors* System | Included | |
| • **Home Study Course:** Real Estate *Financing* Options | Included | |
| **Workshop Price:** | **$18,997** | |
| | **Total Cost:** 29,997 | |
| | **Amount Paid:** 29,997 | |
| | **Balance Due:** 0 | |

| **Asset Protection** | | |
|---|---|---|
| **Veil Corporate** | | Visa   MasterCard   AmEx   Discover   Cash   Check |
| • **Single Entity Setup** (Utah LLC) | Included | |
| • **State Filing Fees** | Included | Last 4 Digits of CC _____ |
| • **1 Year Agent Fees** | Included | |
| • **EIN Federal Employer Identification Number** | Included | Check Amount _____ |
| • **Articles of Organization / Operating Agreement** | Included | |
| Asset protection is the primary focus of Veil Corporate.  The services offered by Veil Corporate are designed to help customers protect their investments and establish an effective asset protection strategy which is specifically tailored for each customer's individual investment goals | **Workshop Price: $595** | Cashier Initials _____ |
| | **Total Cost:** | *** Make Checks payable to Veil Corporate** |
| Veil Corporate: 10421 South Jordan Gateway, Ste 600, South Jordan, UT 84095 877-733-7249 | info@veilcorporate.com | **Amount Paid:** | |
| | **Balance Due:** | |

**Customer Service:** If you have any questions, please feel free to contact the customer service department and they will be happy to assist you, Customer Service: 877-281-1497 (USA) / 855-228-9025 (CANADA).

By signing below, I hereby authorize the processing of my tuition payment in exchange for the products and services stated above. Additionally, by signing below, I acknowledge that I have received the materials referenced above (or will be receiving the materials at a later date, as otherwise noted above,) and that I have read and agree to the Return Policy and Terms and Conditions set forth on the reverse side of this Purchase Order.

**Buyer Signature:** *Joanne Beldotti*                    **Date:** 11/2/14

© Yancey, LLC, 125 E Main St, STE 614 American Fork, UT 84003

Customer Service: 877-281-1497 (U.S. Only) / 855-228-9025 (Canada)   •   Buying Summit: 877-305-6560

EVEB-YANCEY-ORDERFORM 102314



## Terms and Conditions

**Fulfillment and Return Policy:** We will contact you via telephone and e-mail in order to schedule your training sessions. However, it is your obligation to schedule and attend any training sessions. If you do not complete your training sessions within ninety (90) days of the date of your purchase, we will provide you with alternate training materials (via e-mail, CD/DVD, print materials or online access) as fulfillment for your purchase. Any product costs or shipping fees will be covered. Also, any alternate training materials are provided for personal use and do not constitute a license to duplicate, distribute or sell such materials.

By signing this document you acknowledge the purchase of an advanced real estate education program. Like any education, applying the techniques and principles of this program takes time, energy and commitment. If your personal circumstances – such as age, ability, time, commitment, etc. – will limit your ability to do so, you may reconsider your purchase or you may wish to partner with another person to assist in implementing these strategies. In the event you are 65 years of age or older, you may cancel your purchase any time prior to midnight of the twenty first (21st) calendar day after the date of this transaction and receive a full refund. If services are used prior to the twenty first (21st) calendar day, no refund will be available. Otherwise, you may cancel this transaction at any time within three (3) business days after purchase. To cancel please call Customer Service at (877) 281-1497 (US Residents) or (855) 228-9025 (Canadian Residents) to receive a Return Authorization Code and shipping address. Refunds will be issued within 5-7 business days. If you choose to keep your materials, a refund less the cost of materials will be issued. Materials must be received in resalable condition.

**Non-Sufficient Funds Policy:** A $25.00 fee for returned checks or the maximum amount permitted by law will be assessed for any check not honored by your bank.

**Dispute Resolution Program – Binding Arbitration Agreement.** By executing this Agreement, the Customer and the Company hereby mutually agree that any and all disputes which may arise between them shall be decided exclusively in binding arbitration conducted by the American Arbitration Association ("AAA"). Customer and Company further agree that each party will bear its own costs and attorneys' fees incurred in connection with the AAA proceeding. Both parties understand and agree they are waiving the right to a jury trial or trial before a judge. Neither the Customer nor the Company shall be entitled to join or consolidate disputes by or against others in any arbitration, or to include in any arbitration any dispute as a representative or member of a class, or to act in any arbitration in the interest of the general public or in a private attorney general capacity. This provision and any resulting arbitration are governed by the provisions of the Federal Arbitration Act ("FAA"), and, to the extent any provision of the FAA is inapplicable, the laws of the state of Utah.

**Disclaimer:** Fulfillment services for Yancey, LLC, powered by Real Estate Education Group. We provide real estate education and training. We do not sell a business opportunity. We make no earnings or return on investment claims; and the student acknowledges and understands they may not make their education investment back. Specifically, we do not directly or indirectly promise our education and workshops will allow you to make your tuition back. As with most education, it is difficult to track and ascertain those who implement the training provided.

By receipt of this package, you are entering a business relationship with the Company and its strategic partners: Income Property USA, Real Estate Education Group, SafeGuard Tax, Response Marketing Group, Veil Corporate, and Insider's Cash. These strategic partners may offer you additional products and services. Also, the Company offers no guarantees as it relates to your ability to obtain funding for your real estate deals from these strategic partners. Your privacy is important to us. Please review our privacy policy at: http://www.yanceyco.com/privacy

**Student Success:** Students who attend our workshop, call customer support, or engage in our services have rated their overall experience 4.80 out of 5. For advanced education success rates and student satisfaction ratings, please visit: http://www.yanceyco.com/experience. Additionally, we do not offer tax, accounting, financial or legal advice. Prior to undertaking any real estate transaction, you should consult your own accounting, legal and tax advisors to evaluate the risks, consequences and suitability of that transaction.

## Veil Corporate

**Veil Corporate Return Policy:** If you cancel, in order to receive a refund, all materials received from Veil Corporate must be returned. You may cancel this transaction, without penalty or obligation before midnight of the third business day following the purchase date. If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within 10 days following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled. To cancel this transaction, please call (888) 727-7387 during regular office hours for fastest service. (Monday - Friday 9:00 am - 5:00 pm MST).



**CONTINUING EDUCATION©**
**Customer Information**

| Student Info | | | Partner Info | | |
|---|---|---|---|---|---|
| Name: LORI OWEN | | | Name: MATT CROSS | | |
| Address: Box 38-3970 | | | Address: Box 38-3012 | | |
| City: WAIKOLOA | State: HI | ZIP: 96738 | City: WAIKOLUA | State: HI | ZIP: 96738 |
| Phone: 949 813 8322 | | | Phone: 808-960-0218 | | |
| Email: LORI_OWEN14@hotmail.com | | | Email: enufmail@gmail.com | | |

| | Package Information (Select desired program) | Price | Payment Information |
|---|---|---|---|

**Diamond** ☐

- **One on One Mentor:** 3 Day Training Where a Mentor Flies to Your Area and Works With You Individually — *Included*
- **Group Boots on the Ground:** 3 Day Training Where Experts Fly to Your Area — *Included*
- **Buying Summit:** 3 Day Home Buying Retreat — *Included*
- **On-Demand Training:** 3 Day "Quick Cash Strategies" Boot Camp — *Included*
- **On-Demand Training:** 3 Day "Cash Flow Strategies" Boot Camp — *Included*
- **On-Demand Training:** 3 Day "Seller Financing Strategies" Boot Camp — *Included*
- **On-Demand Training:** 3 Day "Residential Rentals Strategies" Boot Camp — *Included*
- **Real Estate Software:** PropTrend Access For 1 Year ($29.95 per month after 1 year) — *Included*
- **Home Study Course:** Real Estate *Investors* System — *Included*
- **Home Study Course:** Real Estate *Financing* Course — *Included*
- **Hotline:** 6 Months Access — *Included*

**Workshop Price: $39,997**

Payment: (Visa) MasterCard AmEx Discover Cash Check
CC #: 4185 8604 7865 6370
CC Exp Date: 10/14   CC CVC: 211
Check Amount: 02005A
Check #: _____
Cashier Initials: DX

\* Make Checks payable to Yancey Events

**Platinum** ☒

- **Group Boots on the Ground:** 3 Day Training Where Experts Fly to Your Area — *Included*
- **Buying Summit:** 3 Day Home Buying Retreat — *Included*
- **On-Demand Training:** 3 Day "Quick Cash Strategies" Boot Camp — *Included*
- **On-Demand Training:** 3 Day "Cash Flow Strategies" Boot Camp — *Included*
- **On-Demand Training:** 3 Day "Seller Financing Strategies" Boot Camp — *Included*
- **On-Demand Training:** 3 Day "Residential Rentals Strategies" Boot Camp — *Included*
- **Real Estate Software:** PropTrend Access For 1 Year ($29.95 per month after 1 year) — *Included*
- **Home Study Course:** Real Estate *Investors* System — *Included*
- **Home Study Course:** Real Estate *Financing* Course — *Included*
- **Hotline:** 6 Months Access — *Included*

**Workshop Price: $24,997**

PLZ CHARGE ABOUT CC $5K.

REMAINING BALANCE TO BE PAID VIA WIRE BY FRIDAY 4/19/2013

**Gold** ☐

- **Buying Summit:** 3 Day Home Buying Retreat — *Included*
- *(highlighted)* Proptrend with Foreclosure Data EBZ-P-33:20270-1329 — *Included*
- ... per month after 1 year) — *Included*
- ... — *Included*
- ... — *Included*

**Workshop Price: $18,997**

subtract $300 for travel voucher & owed per Shon Stander

\* to be UPGRADEABLE IN FUTURE. For same cost. DIFF

| Total Cost: | 24,897 |
|---|---|
| Amount Paid: | 5,000 |
| Balance Due: | 19,897 |

**Asset Protection** ☐

**Veil Corporate**
- Single Entity Setup (Utah LLC) — *Included*
- State Filing Fees — *Included*
- 1 Year Agent Fees — *Included*
- EIN Federal Employer Identification Number — *Included*
- Articles of Organization — *Included*

Asset protection is the primary focus of Veil Corporate. The services offered by Veil Corporate are designed to help customers protect their investments and establish an effective asset protection strategy which is specifically tailored for each customer's individual investment goals.

Veil Corporate: 10421 South Jordan Gateway, Ste 600, South Jordan, UT 84095
877-733-7249 | info@veilcorporate.com

ALREADY

| Workshop Price: | $495 |
|---|---|
| Total Cost: | |
| Amount Paid: | |
| Balance Due: | |

Visa MasterCard AmEx Discover Cash Check
CC #: _____
CC Exp Date: _____ CC CVC: _____
Check Amount: _____
Check #: _____
Cashier Initials: _____

\* Make Checks payable to Veil Corporate

**Thank You For Your Order!**

**Customer Service:** If you have any questions, please feel free to contact the customer service department and they will be happy to assist you, Customer Service: 877-215-1447 (USA) / 855-228-9025 (CANADA).

By signing below, I hereby authorize the processing of my tuition payment in exchange for the products and services stated above. Additionally, by signing below, I acknowledge that I have received the materials referenced above (or will be receiving the materials at a later date, as otherwise noted above,) and that I have read and agree to the Return Policy and Terms and Conditions set forth on the reverse side of this Purchase Order.

Buyer Signature: *Lori Owen*     Date: 4/14/2013

yancey events

## Terms and Conditions

**Fulfillment Policy:** It is your obligation to attend any scheduled training sessions. However, if you do not complete your training sessions within ninety (90) days of the scheduled dates, we will provide you with alternate training materials (via e-mail, CD/DVD, print materials or online access) free of charge as fulfillment of your purchase. Any alternate training materials are provided for personal use and do not constitute a license to duplicate, distribute or sell such materials. In the event you are 65 years of age or older, you may cancel your purchase any time prior to midnight of the fifteenth (15th) calendar day after the date of this transaction and receive a full refund. If services are used prior to the fifteenth (15th) calendar day, no refund will be available. Otherwise, you may cancel this transaction at any time within three (3) business days after purchase. To cancel please call Customer Service at (877) 215-1447 (US Residents) or (855) 228-9025 (Canadian Residents) to receive a Return Authorization Code and shipping address. If you choose to keep your materials, a refund less the cost of materials will be issued within 5-7 business days from refund authorization. Refunds will be issued within 5-7 business days less the cost of materials. Materials must be received in resalable condition. If materials are received in resalable condition a refund for the cost of materials will be issued within 5-7 business days of receipt of materials.

**Non-Sufficient Funds Policy:** A $25.00 fee for returned checks or the maximum amount permitted by law will be assessed for any check not honored by your bank.

**Dispute Resolution Policy:** By executing this Purchase Order, the Customer and the Company hereby agree that any and all disputes that arise between them concerning the Purchase Order or any terms of thereof, or that concern any aspect of the relationship between the Customer and the Company, shall be decided exclusively in binding arbitration conducted by the American Arbitration Association ("AAA"). Customer and Company further agree that each party will bear its own costs and attorneys' fees incurred in connection with the AAA arbitration proceeding. Items must be returned in resalable condition in order to receive a full refund.

**Disclaimer:** We provide real estate education and training. We do not sell a business opportunity. We make no earnings or return on investment claims. As with most education, it is difficult to track and ascertain those who implement the training provided. Students who attend our weekend workshop have rated their education experience 4.75 out of 5. For advanced education success rates and student satisfaction ratings, please visit: http://yanceyevents.com/studentsuccessdisclosure. Additionally, we do not offer tax, accounting, financial or legal advice. Prior to undertaking any real estate transaction, we encourage you to consult your own accounting, legal and tax advisors to evaluate the risks, consequences and suitability of that transaction.

**Privacy Policy:** To view go to www.yanceyevents.com/privacy

### Veil Corporate

**Veil Corporate Return Policy:** If you cancel, in order to receive a refund, all materials received from Veil Corporate must be returned. You may cancel this transaction, without penalty or obligation before midnight of the third business day following the purchase date. If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within 10 days following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled. To cancel this transaction, please call (877) 733-7249 during regular office hours for fastest service. (Monday - Friday 9:00 am - 5:00 pm MST). You may also mail a signed cancellation notice to Veil Corporate: 10421 South Jordan Gateway, Ste 600, South Jordan, UT 84095. Cancellations by email do not qualify.

# DEANS ADVANCED TRAINING.com

**CONTINUING EDUCATION©**
Customer Information

| Student Info | | Partner Info | |
|---|---|---|---|
| Name: | Pascal Vohradnik | Name: | Simone Vohradnik |
| Address: | 666 Greenwich St.  #938 | Address: | 666 Greenwich St.  #938 |
| City: New York | State: NY  ZIP: 10014 | City: New York | State: NY  ZIP: 10014 |
| Phone: | (212) 842-4717 | Phone: | (212) 842-4717 |
| Email: | pascal@factorydowntown.com | Email: | simone@factorydowntown.com |

| Package Information     (Select desired program) | Price | Payment Information |
|---|---|---|

## Diamond ☑

- **One on One Mentor:** 3 Day Training Where a Mentor Flies To Your Area and Works With You Individually — Included
- **Group Boots on the Ground:** 3 Day Training Where Experts Fly To Your Area — Included
- **Buying Summit:** 3 Day Home Buying Retreat — Included
- **On-Demand Training:** 3 Day "Quick Cash Strategies" Boot Camp — Included
- **On-Demand Training:** 3 Day "Cash Flow Strategies" Boot Camp — Included
- **On-Demand Training:** 3 Day "Seller Financing Strategies" Boot Camp — Included
- **On-Demand Training:** 3 Day "Residential Rentals Strategies" Boot Camp — Included
- **Real Estate Software:** PropTrend Access For 1 Year ($29.95 per month after 1 year) — Included
- **Home Study Course:** Real Estate *Investors* System — Included
- **Home Study Course:** Real Estate *Financing* Course — Included
- **Hotline:** 6 Months Access — Included

**Workshop Price: $39,997**

Visa   MasterCard   AmEx   Discover   Cash   Check

CC # _____

CC Exp Date _____   CC CVC _____

Check Amount _____

Check # _____

Cashier Initials _____

*** Make Checks payable to Insider's Financial**

34,997  ON TUESDAY

3y9-13 ON CARD

3715 375 787 13010

E. 08/15   V ____

____

6522

AUTH CODE
565264

## Platinum ☐

- **Group Boots on the Ground:** 3 Day Training Where Experts Fly To Your Area — Included
- **Buying Summit:** 3 Day Home Buying Retreat — Included
- **On-Demand Training:** 3 Day "Quick Cash Strategies" Boot Camp — Included

<span style="background:yellow">Proptrend with Foreclosure Data
EBZ-P-33:19328-1461</span>

- ... Boot Camp — Included
- ... per month after 1 year) — Included
- Included
- Included
- Included

**Workshop Price: $24,997**

## Gold ☐

- **Buying Summit:** 3 Day Home Buying Retreat — Included
- **On-Demand Training:** 3 Day "Quick Cash Strategies" Boot Camp — Included
- **On-Demand Training:** 3 Day "Cash Flow Strategies" Boot Camp — Included
- **Real Estate Software:** PropTrend Access For 1 Year ($29.95 per month after 1 year) — Included
- **Home Study Course:** Real Estate *Investors* System — Included
- **Home Study Course:** Real Estate *Financing* Options — Included

**Workshop Price: $18,997**

☐  FREE REPEAT OF VEGAS SUMMIT AND BOOT ON THE GROUND

**Total Cost:** 39,997
**Amount Paid:** 5,000
**Balance Due:** 34,997

## Asset Protection ☐

**Veil Corporate**
- **Single Entity Setup** (Utah LLC) — Included
- **State Filing Fees** — Included
- **1 Year Agent Fees** — Included
- **EIN Federal Employer Identification Number** — Included
- **Articles of Organization** — Included

Asset protection is the primary focus of Veil Corporate. The services offered by Veil Corporate are designed to help customers protect their investments and establish an effective asset protection strategy which is specifically tailored for each customer's individual investment goals.

Veil Corporate: 10421 South Jordan Gateway, Ste 600, South Jordan, UT 84095
877-733-7249 | info@veilcorporate.com

**Workshop Price: $495**
**Total Cost:** ____
**Amount Paid:** ____
**Balance Due:** ____

Visa   MasterCard   AmEx   Discover   Cash   Check

CC # _____

CC Exp Date _____   CC CVC _____

Check Amount _____

Check # _____

Cashier Initials _____

*** Make Checks payable to Veil Corporate**

## Thank You For Your Order!

**Customer Service:** If you have any questions, please feel free to contact the customer service department and they will be happy to assist you, Customer Service: 877-234-8394 (USA) / 855-228-9027 (CANADA).

By signing below, I hereby authorize the processing of my tuition payment in exchange for the products and services stated above. Additionally, by signing below, I acknowledge that I have received the materials referenced above (or will be receiving the materials at a later date, as otherwise noted above,) and that I have read and agree to the Return Policy and Terms and Conditions set forth on the reverse side of this Purchase Order.

**Buyer Signature:** X _____      **Date:** 03/16/13

© Insider's Financial Education, LLC, 3214 North University Avenue #342, Provo, UT 84604
Customer Service: 877-234-8394 (USA) / 855-228-9027 (CANADA)  •  Buying Summit: 877-305-6560

**DEANS** ADVANCED **TRAINING**.COM

CONTINUING EDUCATION©
Customer Information

## Terms and Conditions

**Fulfillment and Return Policy:** It is your obligation to attend any scheduled training sessions. However, if you do not complete your training sessions within ninety (90) days of the scheduled dates, we will provide you with alternate training materials (via e-mail, CD/DVD, print materials or online access) free of charge as fulfillment of your purchase. Any alternate training materials are provided for personal use and do not constitute a license to duplicate, distribute or sell such materials. In the event you are 65 years of age or older, you may cancel your purchase any time prior to midnight of the fifteenth (15th) calendar day after the date of this transaction and receive a full refund. If services are used prior to the fifteenth (15th) calendar day, no refund will be available. Otherwise, you may cancel this transaction at any time within three (3) business days after purchase. To cancel please call Customer Service at (877) 234-8394 (US Residents) or (855) 228-9027 (Canadian Residents) to receive a Return Authorization Code and shipping address. If you choose to keep your materials, a refund less the cost of materials will be issued within 5-7 business days from refund authorization. Refunds will be issued within 5-7 business days less the cost of materials. Materials must be received in resalable condition. If materials are received in resalable condition a refund for the cost of materials will be issued within 5-7 business days of receipt of materials.

**Non-Sufficient Funds Policy:** A $25.00 fee for returned checks or the maximum amount permitted by law will be assessed for any check not honored by your bank. Any credit card charges which are initially dishonored for non-sufficient funds may be processed again for lesser amounts which aggregate up to, but do not exceed, your purchase price.

**Dispute Resolution Policy:** By executing this Purchase Order, the Customer and the Company hereby agree that any and all disputes that arise between them concerning the Purchase Order or any terms of thereof, or that concern any aspect of the relationship between the Customer and the Company, shall be decided exclusively in binding arbitration conducted by the American Arbitration Association ("AAA"). Customer and Company further agree that each party will bear its own costs and attorneys' fees incurred in connection with the AAA arbitration proceeding. Items must be returned in resalable condition in order to receive a full refund.

**Disclaimer:** We provide real estate education and training. We do not sell a business opportunity. We make no earnings or return on investment claims. As with most education, it is difficult to track and ascertain those who implement the training provided. Students who attend our weekend workshop have rated their education experience 4.75 out of 5. For advanced education success rates and student satisfaction ratings, please visit: http://deangraziosi.com/studentsuccessdisclosure. Additionally, we do not offer tax, accounting, financial or legal advice. Prior to undertaking any real estate transaction, we encourage you to consult your own accounting, legal and tax advisors to evaluate the risks, consequences and suitability of that transaction.

**Privacy Policy:** To view go to www.deangraziosi.com/privacy

### Veil Corporate

**Veil Corporate Return Policy:** If you cancel, in order to receive a refund, all materials received from Veil Corporate must be returned. You may cancel this transaction, without penalty or obligation before midnight of the third business day following the purchase date. If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within 10 days following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled. To cancel this transaction, please call (877) 733-7249 during regular office hours for fastest service. (Monday - Friday 9:00 am - 5:00 pm MST). You may also mail a signed cancellation notice to Veil Corporate: 10421 South Jordan Gateway, Ste 600, South Jordan, UT 84095. Cancellations by email do not qualify.