# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REBECCA K. WILSON, et al.,

    Plaintiffs,

v.                                                                              Case No. 16-10659

5 CHOICES, LLC, et al.,

    Defendants.

_____/

## ORDER GRANTING LENDING DEFENDANTS' MOTION TO DISMISS AND SETTING HEARING ON EDUCATION DEFENDANTS' MOTION

Pending before the court are four motions to dismiss the second amended complaint. Three Defendants, American Cash Funding, Income Property USA, LLC, and Insiders Cash, LLC (collectively, "Lending Defendants"), filed a motion to dismiss. (Dkt. #40.) Plaintiffs have filed a response, (Dkt. #49), and Lending Defendants have filed a reply, (Dkt. #54). Defendants Insider's Financial Education, LLC, Yancey Events LLC, and Yancey LLC (collectively, "Education Defendants"), also filed a motion to dismiss (Dkt. #41) which has received a response (Dkt. #50) and a reply (Dkt. #52). Another joint motion was filed by Defendants 5 Choices, LLC, BuyPD, LLC, DLS Properties, LLC, EZ Street Properties, LLC, Expansion Properties, LLC, FrontSide Properties, LLC, Green Apple Homes, LLC, Improvement Homes, LLC, Interactive Homes, LLC, Malibu Breeze Properties, LLC, Max Ultra, LLC, Patriot Homes, LLC, Property Direct, LLC, Ready Prop, Red Apple Homes, LLC, Red List Homes, LLC, Screaming Eagle Properties, LLC, Scree 44, LLC, Silver Tie Homes, LLC (collectively, "Property Defendants"), (Dkt. #43), followed by a response, (Dkt. #48), and a reply, (Dkt. #53).

Finally, John Graham, Inc., ("JGI") has filed a motion to dismiss, (Dkt. #45), to which Plaintiffs have responded, (Dkt. #47), and it has filed reply, (Dkt. #51). On April 19, 2017, the court held a hearing on the motion by Lending Defendants. For the following reasons, the court will grant that motion and will scheduling a new hearing for Education Defendants' Motion on **June 7, 2017.**

## I. BACKGROUND

Plaintiffs allege that Defendants worked together in a complex scheme to defraud naive investors. They essentially allege that Education Defendants tricked them into paying exorbitant tuition for an otherwise worthless class on real estate to gain access to supposedly valuable real estate leads. They were then allegedly handed off to Property Defendants who would sell Plaintiffs properties, which had been purchased, shoddily rehabilitated, and then sold to Property Defendants by JGI. Lending Defendants would finance the transactions. Plaintiffs would later discover that the properties, which they had believed were sold to them at prices far below their market value, were actually worth much less. As well as fraud, Plaintiffs allege that Defendants breached their fiduciary duties and their behavior constituted a racketeering organization and are pursuing claims under RICO.

The Lending Defendants respond that the court must dismiss Plaintiffs' claims because they are all subject to either mandatory and binding arbitration or a forum selection clause which specifies a forum other than the Eastern District of Michigan, pursuant to agreements signed by the parties. Since Plaintiffs cannot show fraud in the inducement of the arbitration or forum selection clauses as required by Supreme Court

precedent, Defendants argue, Plaintiffs cannot avoid their enforcement. They assert that to the extent that Plaintiffs have alleged fraudulent inducement, they have not done so with sufficient particularity under Federal Rule of Civil Procedure 9(b). Further, the fact that Plaintiffs were aware of these contracts justifies an award of fees and costs. In addition, Lending Defendants point out that any Plaintiff who did not contract with them for financing necessarily is unable to state a claim for relief.

Plaintiffs respond that Lending Defendants are indistinct from other Defendants, and that they are all members of a coordinated scheme to trick the unwary. They contend that the court should not enforce arbitration or forum selection clauses which, across these agreements and Defendants, would require litigation in multiple fora. They further argue that the RICO claims can be brought by Plaintiffs who are not in privity of contract with Lending Defendants, and that these would not be subject to any of the provisions Lending Defendants seek to enforce. Plaintiffs insist that their agreements are controlled by a "settlement statement" which do not contain forum selection or mandatory arbitration provisions. They contend that Defendants were actually acting in a fiduciary capacity rather than as arms-length contracting parties, because part of the "pitch" delivered to Plaintiffs prior to or during the Buying Summit induced them to feel they had entered into a "relationship of trust" with Defendants, precluding strict enforcement of the agreements. Plaintiffs further allege that attorneys for Defendants indicated that they were working on Plaintiffs' behalf. Finally, they argue that some versions of the provisions at issue permit litigation within the state where the properties are located–in some cases Michigan–at the Lender's option.

In reply Lending Defendants argue that Plaintiffs have established no law for the proposition that conflicting forum selection clauses in different agreements somehow nullify one another. They claim that the court should not allow Plaintiffs to proceed under RICO claims with "shotgun pleading" amounting to little more than vague allegations lacking specificity against numerous Defendants. Finally, Lending Defendants insist that Plaintiffs have not properly alleged that they were in a fiduciary relationship with Lending Defendants, and allegations regarding the contents of the "pitch" or innuendo regarding a non-party law firm is irrelevant to this point.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

However, to survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) Additionally, on a motion to dismiss, a court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Erie County v. Morton Salt*, *Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)).

### III. DISCUSSION

In evaluating the enforceability of the arbitration and forum selection clauses, this court is bound by Sixth Circuit precedent. On the question of arbitration, the Sixth Circuit has explained:

> The Federal Arbitration Act codifies a national policy in favor of arbitrating claims when parties contract to settle disputes by arbitration. A district court should dismiss or stay a suit involving an arbitration clause as follows:
>
>> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the

5

>agreement, providing the applicant for the stay is not in
>default in proceeding with such arbitration.

*Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 370 (6th Cir. 2014) (*citing* 9 U.S.C. § 3). "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable, including, first, whether the parties agreed to arbitrate; and, second, whether the specific dispute falls within the substantive scope of that agreement." *Moran v. Svete*, 366 F. App'x 624, 629 (6th Cir. 2010) (*citing Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir.2003)).

Plaintiffs do not dispute that they transacted with Lending Defendants pursuant to the written agreements containing arbitration and forum selection provisions, with the exception of alleged "shotgun pleading" RICO claims by parties nominally outside of privity of contract with Defendants. However, they allege that the contracts containing the provisions were fraudulently acquired and do not reflect a meeting of the minds. The Supreme Court has held that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). Applying this precedent, the Sixth Circuit "has specifically rejected as insufficient allegations that the arbitration agreement was used to further a fraudulent scheme, where the plaintiff failed to identify any misrepresentations particular to the arbitration agreement separate from the contract as a whole." *Moran*, 366 F. App'x at 631 (citations omitted). Here Plaintiffs have not alleged any facts that suggest that, beyond the general allegedly fraudulent scheme, Defendants procured assent to these arbitration provisions by fraud. (*See* Dkt. #37, Pg. IDs 1989-90.) "[A]ttacks on the validity of an entire contract, as distinct from

attacks aimed at the arbitration clause, are within the arbitrator's ken." *Moran*, 366 F. App'x at 630 (*quoting Preston v. Ferrer*, 552 U.S. 346, 353 (2008)). Plaintiffs' contracts claims, including their allegations of fraud in the inducement, are subject to the arbitration provisions.

Plaintiffs' RICO claims also appear to fall within the ambit of the broad text of the provisions, as they arise out of their agreements with Lending Defendants. Moreover, the Sixth Circuit has recently held that where mandatory arbitration provisions are written broadly to include all claims arising out of the agreements, as the provisions at issue here do, "the presumption favoring arbitration applies[,]" even as to RICO claims. *Willacy v. Marotta*, No. 16-3351, 2017 WL 1104426, at *8 (6th Cir. Mar. 24, 2017).

Moreover, the court is not persuaded that the inclusion of claims by non-privity Plaintiffs alleging RICO claims arising out of certain contracts should prevent the normal application of an otherwise enforceable arbitration or forum selection provision contained within those same contracts. Plaintiffs do not identify which Non-Borrower Plaintiffs, who do not allege that they received loans from Lending Defendants, would still be able to state claims under RICO, or why. A court within the Sixth Circuit recently explained that federal RICO:

> grants standing to any person injured in his business or property by reason of a violation of RICO. In order to establish standing, a plaintiff asserting a RICO claim must allege both an injury to her business or property and that the RICO violation was the proximate cause of her injury. This is because the statute grants standing only to those injured "by reason of" the RICO violation. Thus, parties who suffer only "derivative or passed-on injuries" do not have standing to assert a RICO claim. Further, to satisfy the proximate-cause requirement for RICO standing, even those directly injured by a RICO violation must establish that the violation was "a substantial and foreseeable cause" of her injury and that the connection between the RICO violation and injury is "logical and not speculative." Of

7

> course, in determining whether a RICO plaintiff has adequately alleged the proximate-cause requirement, the Court looks only to the allegations of the complaint.

*Charles v. Winchester*, No. 6:15-CV-113-KKC, 2017 WL 662985, at *2 (E.D. Ky. Feb. 17, 2017) (quotations and citations omitted). Non-Borrower Plaintiffs do not appear to meet this standard against Lending Defendants. Thus, their RICO claims warrant dismissal.

The court's conclusion on the enforceability of the forum selection clause is the same. The Supreme Court has "held that a forum-selection clause changes the calculus and should be given controlling weight in all but the most exceptional cases." *Milan Exp. Co. v. Applied Underwriters Captive Risk Assur. Co.*, 590 F. App'x 482, 487 (6th Cir. 2014) (citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013)). Nothing in the record suggests that the court should deviate from the default rule favoring the enforcement of forum selection clauses in this case.

As the arbitration and forum selection provisions are enforceable, the court will dismiss the claims against Lending Defendants without prejudice pending the outcome of arbitration or litigation in the forum identified in the arbitration provisions. The court views dismissal in this case, where several other groups of Defendants have also filed separate motions for summary judgment along similar lines, to be preferable to the alternative of an indefinite stay. Confronted with the question of whether the district court erred in granting dismissal rather than a stay pending arbitration, the Sixth Circuit in *Andrews* explained that "where there is 'nothing for the district court to do but execute the judgment,' dismissal is appropriate." 596 Fed. App'x at 372 (quoting *Catlin v. United*

*States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). Here the court would have nothing to do but execute the judgment of the arbitrator, so dismissal is appropriate.

The court is not persuaded by Plaintiffs' other arguments, including the alleged creation of a fiduciary relationship. Though it was construing Kentucky law, Sixth Circuit has explained that absent "special circumstances" a lender does not have a fiduciary relationship with its borrowers. *In re Sallee*, 286 F.3d 878, 893 (6th Cir. 2002). "'[T]he great weight of authority is that while the relationship between a mortgagor and mortgagee is often described as one of trust, technically it is not of a fiduciary character.'" *Id.* (quoting *Forsythe v. BancBoston Mortgage Corp.*, 135 F.3d 1069, 1077 (6th Cir. 1997)). Michigan state courts have adopted a similar approach:

> Plaintiff's complaint alleged that [Lender] had assumed the position of a fiduciary because of plaintiffs' naivete, [Lender]'s advertisements to the public, and various state and federal statutes and regulations. A fiduciary relationship arises from the reposing of faith, confidence, and trust, and the reliance of one upon the judgment and advice of another. Plaintiffs' allegations of their inexperience and reliance on [Lender] are insufficient to claim a fiduciary relationship.

*Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich. App. 194, 196, 480 N.W.2d 910, 911 (1991) (citation omitted). Here as well Plaintiffs cannot rely upon allegations of their own lack of sophistication or vague statements about "a relationship of trust" to sustain their breach of fiduciary duty theory against Lender Defendants for supplying financing for their real estate transactions. *See Coyer v. HSBC Mortg. Servs.*, No. 10-14339, 2011 WL 4502087, at *4 (E.D. Mich. Sept. 28, 2011) ("Generally, no fiduciary duties arise within the lender-borrower context.").

Plaintiffs' remaining arguments not affect the applicability or enforceability of the provisions at issue in Defendants' motion and thus do not warrant further discussion at this stage.

### IV. CONCLUSION

IT IS ORDERED that Lending Defendants' Motion to Dismiss (Dkt. #40) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' complaint is DISMISSED without prejudice as to American Cash Funding, Income Property USA, LLC and Insiders Cash, LLC ONLY pending the outcome of arbitration or litigation in the selected forum.

IT IS FURTHER ORDERED that the hearing on Education Defendants' Motion to Dismiss (Dkt. #41) is set for **June 7, 2017 at 9:30 am** at Port Huron, Michigan.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 8, 2017, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (810) 984-2056

S:\Cleland\JUDGE'S DESK\C2 ORDERS\16-10659.WILSON.DISMISSLENDING(2).bss.wpd