**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

REBECCA K. WILSON, et al.,

    Plaintiffs,

v.                                    Case No. 16-10659

5 CHOICES, LLC, et al.,

    Defendants.

                                                  /

**ORDER GRANTING EDUCATION DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION, DISMISSING WITHOUT PREJUDICE PLAINTIFFS' CLAIMS AGAINST EDUCATION DEFENDANTS AND SETTING HEARING**

The court had scheduled a hearing on a Motion to Dismiss for June 7, 2017, which it now cancels having deemed it unnecessary in light of the briefings and a hearing on a previous motion in the same case presenting substantially similar issues.[1] Pending before the court are three motions to dismiss the second amended complaint or transfer venue, and this court previously granted a similar motion. Three Defendants, American Cash Funding, Income Property USA, LLC, and Insiders Cash, LLC ("Lending Defendants"), filed a motion to dismiss (Dkt. #40), which the court granted (Dkt. #55).[2] Defendants Insider's Financial Education, LLC, Yancey Events LLC, and Yancey LLC ("Education Defendants"), also filed a motion to dismiss (Dkt. #41.) Another joint motion was filed by Defendants 5 Choices, LLC, BuyPD, LLC, DLS Properties, LLC, EZ Street

---

    [1]Should the parties determine that good reason exists for additional argument that has not been raised in their briefs, they may request a status conference apprising the court of such grounds.

    [2]Plaintiffs have filed a motion for reconsideration of that order. (Dkt. #58.)

Properties, LLC, Expansion Properties, LLC, FrontSide Properties, LLC, Green Apple Homes, LLC, Improvement Homes, LLC, Interactive Homes, LLC, Malibu Breeze Properties, LLC, Max Ultra, LLC, Patriot Homes, LLC, Property Direct, LLC, Ready Prop, Red Apple Homes, LLC, Red List Homes, LLC, Screaming Eagle Properties, LLC, Scree 44, LLC, Silver Tie Homes, LLC, ("Property Defendants"). (Dkt. #43.) Finally, John Graham, Inc., ("JGI") has filed a motion to dismiss, (Dkt. #45), to which Plaintiffs have responded, (Dkt. #47), and he has filed reply, (Dkt. #51). For the following reasons, the court will grant Education Defendant's motion and will scheduling a new hearing for Property Defendants' motion on **June 28, 2017 at 2:00 P.M.**

## I. BACKGROUND

This court's earlier order, familiarity with which is presumed, summarized the alleged facts of this case. (Dkt. #55.) In the interest of judicial economy, the court will not restate them here but will instead move directly to its summary of the pertinent arguments.

The Education Defendants contend that the court must dismiss Plaintiffs' claims because they are all subject to mandatory and binding arbitration pursuant to agreements signed by the parties. Since Plaintiffs cannot show fraud in the inducement of the arbitration clause as required by Supreme Court precedent, Defendants argue, Plaintiffs cannot avoid enforcement of the arbitration clause. They assert that to the extent that Plaintiffs have alleged fraudulent inducement, they have not done so with sufficient particularity under Federal Rule of Civil Procedure 9(b). Further, the fact that Plaintiffs were aware of these contracts justifies an award of fees and costs.

Plaintiffs respond that Education Defendants are not really distinct entities from the other members of what they view to be a coordinated scheme to trick the unwary. Far from supplying training services, Plaintiffs argue that attendance at the nearly $40,000 "Buying Summit" was a prerequisite to participation in the ill-fated real estate transactions, and that the terms of the agreements between Plaintiffs and Education Defendants are really the oral promises made to induce them to participate. They go on to state that they would be unable to arbitrate their claims against two of the entities with which they contracted, Yancey Events, LLC, and Insider's Financial Education, LLC, in any case, because they technically do not exist. In support of their allegation that a RICO organization exists, Plaintiffs point to a flier by Yancey Events indicating that one of the Property Defendants is an affiliate. They also argue that they are not required to submit their RICO claims to arbitration, even assuming the arbitration clause is valid and enforceable, because they will not be able to vindicate the statutory cause of action in that forum as each group of Defendants has separate agreements requiring a different forum.

They also argue that Supreme Court precedent holds that the proper vehicle for enforcement of a forum selection clause is a motion to transfer, under which the court should consider public interest factors that would favor the current forum as many of the subject properties, sitting abandoned or without maintenance as a result of the alleged scheme, are located within Michigan. Plaintiffs further contend that Defendants continue with their operations affecting Michigan properties to date.

In reply Defendants assert that the purpose of the contracts was clearly education on real estate transactions, and the Buying Summit was only one component

of that training. They insist that to the extent that Plaintiffs rely on a theory that Yancey Events, LLC, and Insider's Financial Education, LLC, lack a formal existence, they should be dismissed as Defendants. Instead, Defendants claim, Plaintiffs' confusion stems from a typographical omission of "LLC" at the end of "Yancey Events" from the text of a purchase agreement and Plaintiffs' misreading of Insider Financial, LLC's corporate history. Finally, Education Defendants contend that the court should not excuse Plaintiffs from the enforcement of the mandatory arbitration provisions of the agreements signed with Education Defendants merely because Plaintiffs entered into other agreements with other entities performing other transactions which specified a different forum. Defendants also attack Plaintiffs' assertions about the level of local interest in the adjudication of the claims here.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

However, to survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) Additionally, on a motion to dismiss, a court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Erie County v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)).

### III. DISCUSSION

Just as with its previous order, the court views a motion for dismissal as an appropriate procedural vehicle. *See Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 370 (6th Cir. 2014) ("A district court should dismiss or stay a suit involving an arbitration clause as follows[. . .]"). "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable, including, first, whether the parties agreed to arbitrate; and, second, whether the specific dispute falls within the substantive scope of that agreement." *Moran v. Svete*,

366 F. App'x 624, 629 (6th Cir. 2010) (*citing Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003)).

Just as with the Lending Defendants, Plaintiffs do not dispute that they transacted with Education Defendants pursuant to the written agreements containing arbitration provisions. (*See* Dkts. ##41-3 - 41-24.) However, they allege that the contracts containing the provisions were fraudulently acquired and do not reflect the meeting of the minds better evidenced in oral promises. It remains true that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46, (2006). Further, the Sixth Circuit "has specifically rejected as insufficient allegations that the arbitration agreement was used to further a fraudulent scheme, where the plaintiff failed to identify any misrepresentations particular to the arbitration agreement separate from the contract as a whole." *Moran*, 366 F. App'x at 631 (citations omitted). Beyond the general allegedly fraudulent scheme, Plaintiffs have not alleged facts suggesting that Defendants procured assent to these arbitration provisions by fraud. (*See* Dkt. #37, Pg. IDs 1989-90.)

Another question that Plaintiffs raise is whether the parties could truly be said to have agreed if the proper names of the legal entities did not appear correctly on the face of the contracts. Whether this was intentional or inadvertent is immaterial, as "attacks on the validity of an entire contract, as distinct from attacks aimed at the arbitration clause, are within the arbitrator's ken." *Moran*, 366 F. App'x at 630 (*quoting Preston v. Ferrer*, 552 U.S. 346, 353 (2008)). Whether such inconsistencies support

Plaintiffs' claims is a question for the arbitrator to decide. Thus the court is satisfied that the first prong of the inquiry has been satisfied; the parties have agreed to arbitrate.

In addressing the second question, whether the claims are covered by the arbitration agreement, the court first notes that the language of the applicable provisions is pointedly broad. It states that the Parties agree to arbitrate "any and all disputes that arise between them concerning the Purchase Order or any terms thereof, or that concern any aspect of the relationship between the Customer and the Company[.]" (*See, e.g.*, Dkt. #41-3, Pg. ID 2601.) The allegations of the second amended complaint certainly fall within the ambit of that provision as described.

Plaintiffs argue that their RICO claims are not subject to arbitration because they cannot be expected to pursue claims against the different groups of entities in different fora pursuant to separate arbitration agreements. Plaintiffs cite to *Shearson/Am. Exp., Inc. v. McMahon*, for the proposition that RICO claims are arbitrable only so long as the Plaintiffs can actually vindicate their rights through arbitration. 482 U.S. 220, 242 (1987). However, Plaintiffs supply no support for their application of this principle to the facts at hand to find that a Plaintiff required to proceed in multiple fora is somehow unable to vindicate his rights.

The Sixth Circuit has suggested under different facts that such a situation does not preclude mandatory arbitration. *Roney & Co. v. Goren*, 875 F.2d 1218, 1221 (6th Cir. 1989) (upholding a requirement to arbitrate Exchange Act claims and concluding that, in regulating arbitral proceedings, "the SEC has the authority to require multiple fora"). It also recently held that where mandatory arbitration provisions are written broadly "the presumption favoring arbitration applies[,]" even as to RICO claims. *Willacy*

7

*v. Marotta*, No. 16-3351, 2017 WL 1104426, at *8 (6th Cir. Mar. 24, 2017). Similarly, to the extent that Plaintiffs state claims for fraud, breach of fiduciary duties, or other torts, no reason exists to believe that those cannot also be vindicated through arbitration. Thus, the court concludes that the second prong of the inquiry is also satisfied. For the same reasons explained in its previous order, this court will grant dismissal but afford Plaintiffs the ability to re-file following arbitration rather than stay the case indefinitely. (*See* Dkt. #55, Pg. ID 4360.)

Neither party supplied extensive briefing on the issue of attorneys' fees and costs. Though the court finds Defendants' substantive arguments more persuasive in this instance, Plaintiffs' arguments were not frivolous and fee-shifting does not seem appropriate.

## IV. CONCLUSION

IT IS ORDERED that Education Defendants' Motion to Dismiss And to Compel Arbitration (Dkt. #41) is GRANTED. Plaintiffs' complaint is DISMISSED as to Education Defendants without prejudice.

IT IS FURTHER ORDERED that the court will hold a hearing on Property Defendants' motion on **June 28, 2017 at 2:00 P.M. at the Federal Building and United States Courthouse, 526 Water Street, Port Huron, Michigan.**

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 2, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 2, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\16-10659.WILSON.DISMISSEDUCATION.bss.RHC.wpd